IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KRISTAL KITCHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-052 |
| | ) | |
| WARDEN THOMPSON, Bleckley RSAT, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, a resident at Bleckley Probation Detention Center in Cochran, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.      **BACKGROUND**

On May 16, 2022, the Clerk of Court in the Northern District of Georgia filed an application for a writ of habeas corpus from Petitioner that challenges a judgment of conviction entered in the Superior Court of Wheeler County. (See doc. no. 2.) Petitioner submitted her application on a state court form, with a heading indicating she may have intended to submit her application to a state habeas court. (Id. at 1.) Petitioner also submitted an application to proceed *in forma pauperis* ("IFP") on a state court form. (Doc. no. 1.) On May 25, 2022, United States Magistrate Judge J. Elizabeth McBath transferred the case to the Southern District of Georgia. (Doc. no. 3.)

On May 27, 2022, the Court granted the IFP motion and explained if Petitioner intended to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254, she must refile her claims on the standard form used by incarcerated litigants in the Southern District of Georgia.[1]  (See doc. no. 6.)  The Court also informed Petitioner in that Order that any future § 2254 petition will be subject to restrictions on "second or successive" filings, see 28 U.S.C. § 2244(b)(3)(A), and this case, should he choose to proceed with a federal habeas corpus petition, is her opportunity to raise all federal habeas claims she now believes she has.  See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014) (applying Castro principles to § 2254 petition).  In that same Order, the Court also explained any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the remedies available to Petitioner by any state court procedure.  See 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.")

## II.   DISCUSSION

### A.   Procedural History of State Proceedings and Allegations of Petition

The procedural history of Petitioner's underlying case, as well as the exact nature of her claims for federal habeas relief, are not entirely clear, but the Court can discern the following. Petitioner states she pleaded guilty to felony possession of methamphetamine in the Superior Court of Wheeler County, Georgia, and was sentenced to three years of probation on December

---

[1]The Clerk of Court provided Petitioner with the standard form when serving the Court's May 27th Order.  (See doc. no. 6.)

14, 2021. (Doc. no. 7, p. 1.) Further, Petitioner denies filing any appeal from the judgment of conviction or any petition, application, or motion concerning the judgment of conviction in any state court. (Id. at 2-3.) In her federal petition, Petitioner challenges the search of her vehicle that led to the discovery of the drugs upon which her charges apparently are based, asserts she received ineffective assistance of counsel from her public defender, and argues her arrest should not have resulted in enforcement of a probation violation that resulted in "harsh punishment" of nine months at a probation detention center. (Id. at 5-10.)

B.      The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to her by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if [s]he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted her state judicial remedies when she has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). Stated otherwise, the state prisoner must give the state courts the first chance to consider the claims for relief before such claims are presented in a federal habeas petition. Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan, 526 U.S. at 842).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless [s]he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement

3

applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682

F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211

(11th Cir. 1992).    "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make

the state court aware that the claims asserted present federal constitutional issues.'"  Preston

v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court

should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas,

305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509,

519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek

collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602

F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th

Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable

cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that

[the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358

F.3d 852, 853 (11th Cir. 2004).

C.    **Petitioner Failed to Exhaust State Remedies**

Petitioner does not allege that she has exhausted her state court remedies.  (See

generally doc. no. 7.)  Her only explanation for failing to pursue direct appellate or state habeas

corpus relief is that she "[h]adn't had time to file when I was violated on my probation."  (Id. at

7.)  She does not allege she has been prevented from seeking relief upon the conclusion of her

underlying state criminal proceedings or upon her arrival at the probation detention center.

Georgia case law is clear that, subject to various state procedural requirements, the state habeas

courts are available for Petitioner to raise claims concerning challenges to the evidence presented

against her in her underlying state court proceedings and the effectiveness of counsel, as well as

4

any implicit allegation of an involuntary guilty plea based on the advice of counsel.  See Oubre v. Woldemichael, 800 S.E.2d 518, 524-25 (Ga. 2017) (challenging police investigative techniques); Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (raising ineffective assistance counsel claims); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002) (explaining challenges to guilty plea based on allegations of ineffective assistance may be raised in state habeas proceedings); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

In sum, Petitioner improperly attempted to circumvent the state habeas courts in favor of moving directly to the federal courts.  As explained herein, that leapfrog attempt is improper. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, her federal habeas corpus petition should be dismissed without prejudice.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA